UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEDDING TABLE PROJECT
PARTNERSHIP, et al.,

           Plaintiffs,                         Civil Action No.
                                                14-CV-14054

vs.

                                         Honorable Patrick J. Duggan

DAVE CARDWELL, et al.,

           Defendants.
_____/

## <u>OPINION AND ORDER REMANDING CASE TO STATE COURT</u>

This case was removed from state court on October 21, 2014. Plaintiffs are Wedding Table Project Partnership (WTPP) and two of its three partners, Te Phan and Minh Phan. Defendants are Dave Cardwell, WTPP's third partner, and his girlfriend Xinqi (Cindi) He. Boiled down, Plaintiffs allege that Defendant Cardwell purposefully sabotaged two business deals between WTPP and third parties – deals that were critical to the success of WTPP.

On November 4, 2014, the Court issued an order requiring Defendants to show cause why the case should not be remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. In the show cause order, the Court noted that the only asserted basis for federal court jurisdiction in the complaint is diversity of citizenship, and that diversity jurisdiction appears to be lacking because

"partnerships are citizens of every jurisdiction of which any partner is a citizen," *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998), and Plaintiff WTPP is suing one of its partners. Therefore, Plaintiff WTPP is necessarily a citizen of the same state as the partner it is suing, destroying complete diversity.

Defendants responded to the show cause order on November 21, 2014, arguing that Plaintiff WTPP was fraudulently joined because it has no chance of successfully prosecuting the claim that it brought against Defendants in the complaint. Accordingly, Defendants argue that Plaintiff WTPP's citizenship should be disregarded for purposes of determining whether diversity jurisdiction exists. Plaintiffs filed a response on December 8, 2014, arguing that Plaintiff WTPP is likely to succeed with its claims against Defendants, that Plaintiff WTPP was not fraudulently joined, and that its citizenship cannot be disregarded for purposes of determining the existence of diversity jurisdiction. Defendants filed a reply on December 18, 2014, and the matter is now ready for decision.

The pertinent law as it relates to fraudulent joinder has been adequately summarized by the Sixth Circuit as follows:

> When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. A defendant is fraudulently joined if it is clear that there can be no

2

recovery under the law of the state on the cause alleged or on the facts in view of the law.   The relevant inquiry is whether there is a colorable basis for predicting that a plaintiff may recover against a defendant.

*Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (quotation marks, ellipses, citations, and brackets omitted).   Stated more simply, to establish that Plaintiff WTPP was fraudulent joined as a plaintiff in this case, Defendants must show that "there is no possibility that [Plaintiff WTPP] would be able to establish a cause of action against [one of the] defendant[s]."   16 Moore's Federal Practice § 107.14[2][c][iv][B] (3d ed. 2014).   Notably, "the removing part[ies]" – Defendants here – "bear[] the burden of demonstrating fraudulent joinder," *Casias*, 695 F.3d at 433, and that burden is a "heavy" and "substantial" one.   Moore's at § 107.14[2][c][iv][B].   For the reasons that follow, Defendants have not satisfied their burden; therefore, remand is required.[1]

---

[1] The Court notes that Defendants are urging the Court to apply the doctrine of fraudulent joinder in an unorthodox manner.   "Ordinarily, when a court is asked to disregard a party's citizenship for purposes of determining whether removal is proper, it is the defendant which asks the court to determine that the plaintiff has 'fraudulently joined' a non-diverse *defendant* in order to defeat removal jurisdiction."   *Scotts Co. v. Rhone-Poulenc S.A.*, 347 F. Supp. 2d 543, 545 (S.D. Ohio 2004) (emphasis added).   In the present case, Defendants are asking the Court to conclude that Plaintiffs have fraudulently joined *one of their own* – namely, *Plaintiff* WTPP – in order to defeat removal jurisdiction.   The doctrine's applicability to the non-diverse-plaintiff situation has been questioned, *see, e.g.*, *United Co. v. American International South Co.*, No. 08-148, 2008 WL 4587311, at *3 (E.D. Ky. Oct. 15, 2008) ("[I]t is not entirely clear whether courts should use the [fraudulent joinder] doctrine to analyze the joinder of non-diverse plaintiffs as well

3

WTPP "is in the business of creating, designing, developing, modeling, building texture library, and marketing" an app called "BrideVue" for mobile devices and desktop platforms.  Compl. ¶ 10 (Page ID 8).  Under the partnership agreement, each of the three partners has specific, delineated responsibilities.  Compl. Ex. 1 (Page ID 18-19).  The gist of the complaint, which is brought by WTPP and two of its three partners, is that the third partner purposefully sabotaged two business deals that were crucial to the success of the partnership, causing financial loss to the partnership and its partners.  One of the allegedly sabotaged deals was with the Halekulani Hotel in Hawaii, which agreed to financially support the development of the BrideVue app; the other allegedly sabotaged deal was with the Apple App store, a marketplace that is allegedly critical to the success of the BrideVue app.  Compl. ¶¶ 20, 23, 27, 30, 34, 35, 36 (Page ID 9-10).

The complaint contains five counts.  In the first count, Plaintiffs allege that Defendant Cardwell breached a fiduciary duty owed to them by failing "to perform his duties in good faith and in a manner reasonably believed to be in the best interests

---

as defendants."); however, so far as this Court is aware, no court has refused to apply the doctrine in the non-diverse-plaintiff situation, and "district courts which have addressed the issue hold that the doctrine applies equally to fraudulently joined plaintiffs."  *Eberspaecher N. Am., Inc. v. Van-Rob, Inc.*, No. 06-CV-15752, 2007 WL 2332470, at *4 (E.D. Mich. Aug. 15, 2007) (compiling cases).  The Court assumes without deciding that the fraudulent joinder doctrine can be applied to a non-diverse-plaintiff situation.

of the partnership." Compl. ¶ 40 (Page ID 11). In the second count, Plaintiffs allege that Defendant Cardwell interfered with a business relationship or expectancy between the partnership and the Halekulani Hotel. *Id.* ¶ 50 (Page ID 11). In the third count, Plaintiffs allege that Defendant Cardwell breached the partnership agreement by taking actions outside the scope of his enumerated partnership responsibilities. *Id.* ¶ 68 (Page ID 13). In the fourth count, Plaintiffs allege that Defendants Cardwell and He defamed them by sending an email to a business contact of Plaintiffs containing the statement "Don't do business with Te" and falsely accusing Plaintiff Te of unethical and unlawful behavior. *Id.* ¶¶ 74-75 (Page ID 13). In the fifth and final count, Plaintiff seek "other equitable relief" in the form of orders: (1) preventing Defendant Cardwell from acting outside the duties enumerated in the partnership agreement; (2) enjoining Defendants Cardwell and He from further contact with the Halekulani Hotel and the Apple App store; (3) preventing Defendants Cardwell and He from contacting any business contacts of Plaintiffs; and (4) preventing Defendants Cardwell and He from "taking any action that would be detrimental to the partnership." *Id.* at 9 (Page ID 15).

In their response to the Court's show cause order, Defendants contend that (1) the only claim in the complaint that is brought by Plaintiff WTPP is the interference with a business relationship/expectancy claim; (2) it is clear that Plaintiff WTPP has

no chance of succeeding with its interference claim; (3) consequently, Plaintiff WTPP was fraudulently joined as a party in this case for the purpose of preventing removal jurisdiction; and (4) accordingly, Plaintiff WTPP's citizenship should be disregarded for the purpose of determining whether diversity jurisdiction exists.

Defendants describe in detail why they believe Plaintiff WTPP does not have an arguable interference claim but, believing that the interference claim is the only one brought by Plaintiff WTPP, neglect to argue that there is no possibility that Plaintiff WTPP can succeed with respect to the other four claims in the complaint.[2] Although the drafter of the complaint uses the generic word "Plaintiffs" throughout the complaint without pinpointing which specific Plaintiff is being referenced, it is apparent from context that other counts in the complaint, in addition to the interference count, are brought by Plaintiff WTPP.   For example, in the breach of fiduciary duty count, Plaintiffs state that the breach caused "lost . . . goodwill," which is a loss typically suffered by a business.  *See* Black's Law Dictionary 810

---

[2] Defendants state that "[t]he sole cause of action involving the Partnership is its claim for tortious interference with a business relationship or expectancy against Cardwell" and that "[t]he Partnership does not have any other claims based upon any interpretation of the facts in this matter."  Def. Resp. at 6 (Page ID 188).  It is entirely unclear why Defendants believe this to be true, especially in light of the fact that partnerships can sue and be sued under Michigan law, *see* Mich. Comp. Laws § 600.2051(2) ("A partnership . . . may sue or be sued in its partnership . . . name."), and, as discussed below, the complaint contains clues that other claims, in addition to the interference claim, are brought by Plaintiff WTPP.

(10th ed. 2014) (defining "goodwill" as "[a] business's reputation, patronage, and other intangible assets that are considered when appraising the business").   In addition, in the equitable relief count, Plaintiffs express concern about irreparable harm to "the main Partnership asset" – the BrideVue app – and state that "[i]njunctive relief is necessary to prevent . . . harm to *Plaintiff partnership*." Compl. ¶¶ 82, 84 (emphasis added) (Page ID 15).   These clues indicate that the breach of fiduciary duty claim and the equitable relief claim are brought by Plaintiff WTPP.   Because Defendants do not argue that WTPP's breach of fiduciary duty and equitable relief claims have no possibility of success, Defendants have not surmounted their "heavy" burden of demonstrating that "there can be no recovery" by Plaintiff WTPP "under the law of the state on the cause alleged or on the facts in view of the law."   Moore's at § 107.14[2][c][iv][B]; *Casias*, 695 F.3d at 432-33.

For the reasons stated above, Defendants have not met their burden of showing that Plaintiff WTPP was fraudulently joined, and its citizenship cannot be disregarded for purposes of analyzing the existence of diversity jurisdiction. Because Plaintiff WTPP is a citizen of the same state as Defendant Cardwell, *see Indiana Gas*, 141 F.3d at 316, the Court lacks diversity jurisdiction over the case. As no other basis for federal court jurisdiction is asserted, this matter must be, and is, **REMANDED** to Washtenaw County Circuit Court, State of Michigan, for lack of

7

subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

   **SO ORDERED**.


Dated: December 30, 2014                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE


Copies to:
Mark A. Linton, Esq.
Ellis B. Freatman, III, Esq.
Theresa Nelson Ruck, Esq.
Kevin M. Blair, Esq.

8